UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

July 14, 2011

Stephen F. Shea, Esq.
Elkind & Shea
801 Roeder Road, Suite 550
Silver Spring, MD 20910

Alex S. Gordon, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Louis Smith v. Michael J. Astrue, Commissioner of Social Security, PWG-08-1909**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Smith's claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). (ECF Nos. 6,9,16). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court **GRANTS** the Commissioner's Motion and **DENIES** the Plaintiff's Motion.

Mr. Smith ("Claimant") applied for DIB and SSI on March 11, 2005, alleging that he was disabled as of February 18, 2005, due to leg and back pain, hypertension, degenerative disc disease, diabetes mellitus, and hepatitis C. (Tr. 16, 59). His claims were denied initially and upon reconsideration (Tr. 28-38). A hearing was held on March 6, 2007, before the Honorable Edward J. Banas("ALJ'). In a decision dated May 25, 2007, the ALJ denied Mr. Smith's claims, and concluded that he retained the residual functional capacity ("RFC") to perform less than a full range of sedentary work[1]. Although the ALJ found Mr. Smith was precluded

---

[1] The ALJ found that Mr. Smith was limited to simple, routine, unskilled work that requires only low concentration.(Tr.

from performing his past relevant work ("PRW"), after receiving testimony from a vocational expert ("VE") the ALJ found there were jobs in the national economy that he could perform, and accordingly, he was not disabled.(Tr. 14-23). On May 21, 2008, the Appeals Council denied Mr. Smith's request for review, thus making his case ready for judicial review. (Tr. 6-9).

Mr. Smith alleges that the ALJ made two errors. First, he maintains that the ALJ was required, but failed, to do a function-by-function assessment of his limitations and that there is no medical evidence to support the ALJ's finding that he retained the RFC to perform sedentary work. Second, he contends that the ALJ erred by not considering properly his subjective complaints and the effects his pain had on his ability to perform work. As explained below, I conclude that the ALJ's decision is supported by substantial evidence and therefore will GRANT the Commissioner's Motion for Summary Judgment and DENY Claimant's Motion.

Contrary to Claimant's assertions, after review of the record and the ALJ's decision, I find that the ALJ sufficiently discussed the medical evidence he considered and relied upon in determining Mr. Smith's RFC for less than a full range of sedentary work. (Tr. 18-20). In his decision the ALJ discussed the contents of the exhibits he considered. For example, the ALJ discussed the state agency physicians' assessments (Exhibits 13F ,12F, 10F). The ALJ also discussed the report of Dr. Howington (Exhibit 9F) and the doctor's opinion that Claimant did not have any weakness and that his muscle strength was 5/5. (Tr. 19). Finally, the ALJ referred to the records from the Claimant's examining physician's office which documented Mr. Smith's back problems and concluded that he was not a candidate for heavy lifting, pulling, pushing, or carrying but noted that Mr. Smith could do sedentary jobs. (Tr. 164).

In this case there is sufficient narrative which allows the Court to conduct a meaningful review in accordance with SSR 96-8p. *See* SSR 96-8p (1996 WL 374184 *7 (S.S.A.)). In sum, the ALJ's finding that Claimant was capable of engaging in certain types of sedentary work is supported by substantial evidence and complies with SSR 96-8p.

Mr. Smith's next argument is that the ALJ failed to assess his credibility appropriately and violated the rule of law set forth in *Hines v. Barnhart,* 453 F.3d 559 (4th Cir. 2006) by requiring objective evidence to support complaints of pain. I disagree.

---

18).

The ALJ recognized his duty and evaluated Claimant's allegations of pain and fully and adequately explained his credibility determination. *See* SSR 96-7p.[2] In determining Claimant's credibility and the impact that his alleged impairments had on his ability to work, the ALJ noted Claimant's testimony, including his statements that he has muscle spasms, chest pain, nausea, and leg pain. (Tr. 19). However, the ALJ's inquiry did not end there. The ALJ also considered the State Agency Physicians' findings. The ALJ also noted that when Dr. Howington examined Claimant in 2005 he denied weakness and had full muscle strength. Dr. Folashade also observed Claimant was doing "pretty good" in November 2005.(Tr. 20, 178). The ALJ explained in sufficient detail why he found Mr. Smith's subjective complaints not wholly credible. (Tr. 19-20). In sum, these factors, were appropriately considered[3], and they provide

---

[2] SSR 96-7p, in relevant part, states:
4. In determining the credibility of the individuals statements the adjudicator must consider the entire case record, including the objective medical evidence, **the individual's statements about symptoms, statements and other information provided by treating or examining physicians or psychologists or other persons about symptoms with the rest of the relevant evidence in the case record** in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.
5. It is not sufficient for the adjudicator to make a single, conclusory statement that "the individuals allegations have been considered or that the allegations are (or are not) credible." It is also not enough for the adjudicator to simply recite the factors that are described in the regulations for evaluating symptoms. **The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individuals statements and the reasons for that weight**. (1996 WL 374186 *1-*2) (emphasis added).

[3] SSR 96-7p also provides: the adjudicator must consider certain factors "in addition to the objective medical evidence when assessing the credibility of an individuals statements": Those factors include 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness,

3

substantial support for the ALJ's conclusion.  Accordingly, there is substantial evidence to support the ALJ's analysis of Mr. Smith's allegations of pain.

Thus, for the reasons given, this Court GRANTS the Commissioner's Motion for Summary Judgment and DENIES Ms. Smith's Motion.  A separate Order shall issue.

                                      Sincerely,

7/14/11                                     /s/

                                      Paul W. Grimm
                                      United States Magistrate Judge

---

and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms ; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board ); and  7. Any other factors concerning the individuals functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p (1996 WL 374186, *2 (S.S.A.))